## Village of Dalton City v. J. N. Loving.

1. PRACTICE—*Abatement—Local Actions.*—Section 2 of the practice act, providing that it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides, or may be found, except in local actions, confers a privilege upon the party sued, which he will be presumed to have waived unless he insists upon it by notice or plea in abatement.

2. VERDICTS—*Conclusive upon Questions of Fact.*—Where the evidence is conflicting upon the issues of fact, the Appellate Court will accept the verdict of the jury, with the approval of the trial judge who heard and saw the witnesses, as decisive of these questions.

Action in Case.—Overflow of land by water. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

HARBAUGH & WHITAKER, attorneys for appellant.

E. J. MILLER, attorney for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee brought this suit against appellant before a justice of the peace, claiming damages to his house and premises in consequence of the backing of water thereon, caused, as he alleges, by the negligent construction by appellant of a grade along the public highway adjacent to the premises. The case was appealed by appellant here to the Circuit Court, where a trial by jury resulted in a verdict and judgment against appellant for $25, to reverse which it prosecutes this further appeal.

The highway or street upon which the grade alleged to have caused the damages to appellee was constructed, lies between the counties of Macon and Moultrie, the center thereof being the county line. The village of Dalton City lies east of the county line, wholly in Moultrie county, and the premises of appellant lie west of the county line, wholly in Macon county.

Village of Dalton City v. Loving.

It is first insisted as a ground for reversing the judgment of the trial court, that the action is local and therefore could not be maintained in Moultrie county. Section 2 of the practice act provides that it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides, or may be found. Except in local actions, and except in every species of personal actions in law, where there is more than one defendant, the plaintiff, commencing his action where either of them resides, may have his writ or writs issued directed to any county or counties where the other defendants or either of them may be found. The earlier decisions of the Supreme Court by which the provisions of this statute were construed to be jurisdictional, affecting the authority of the court in respect to the county in which a defendant might be sued, have been for a long time modified; and since that time it has been uniformly held that the statute confers a privilege upon the party sued, which he will be presumed to have waived unless he insists upon it by notice or plea in abatement; and the authorities are so numerous and familiar upon this point as to supersede the necessity of citing them. Conceding, then, for the purposes of this point that the present is a local action, we can perceive no reason why it should not be controlled by the principle of the decisions to which we have alluded, and being so controlled, we think appellant waived the question of the cause being a local action, by failing, as it did, to raise the question in the justice and the trial courts by an appropriate motion. Had it sought advantage in this manner and the ruling of the trial court had been adverse to it, such question might then have properly arisen in this court for decision. In the condition we find the record we decline to further consider this point.

It is next insisted the verdict is not supported by the evidence, and that the damage to appellee's premises was caused by his own wrongful act, whereby he caused the water to flow out of its natural course, and so it backed upon his premises and into the basement of the house. It was contended on the trial that appellant erected a grade

along the public highway and failed to construct through it a sufficient passage for the water to flow, and thereby water was backed upon the premises, and this, with the contention that appellee had also contributed to his own injury, formed the leading issues of fact submitted to the jury. The evidence was conflicting upon these issues and we feel compelled to accept the verdict of the jury, with the approval of the trial judge who heard and saw the witnesses, as decisive of these questions. Complaint is made of instructions given and refused, but upon examination we find the action of the court in this respect to be in harmony with our own views.

Finding no error in the record and proceedings of the Circuit Court, its judgment will be affirmed.