Katherine Dever, Administrator of Estate of Elmo B. Dever, Deceased, Appellee, v. I. J. Bowers, Trading as Bowers Truck Service and Joel Cox, Appellants.

**Term No. 50M10.**

Heard in this court at the May term, 1950. Opinion filed September 20, 1950. Released for publication October 20, 1950.

KERN & PEARCE, of Carmi, for appellants.

HARRY J. FLANDERS, of Eldorado, and BARTLEY & KARBER, of Shawneetown, for appellee.

MR. PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

Elmo B. Dever died as a result of injuries received in a collision between an automobile driven by him,

and a truck. His administrator brought this suit in Gallatin county against I. J. Bowers, the owner and operator of the truck, and Joel Cox, driver of the truck. A jury returned a verdict of $7,500 for plaintiff, under the wrongful death statute. After overruling several motions of defendants, including a motion for new trial, the court entered judgment on the verdict, and this appeal followed.

Appellants present three assignments of error, which are in substance: (1) that the court was without jurisdiction to hear the case, because Gallatin county was the wrong venue; (2) that the court erred in refusing to submit to the jury a special interrogatory, involving statements regarding the boundary of Gallatin county and a question as to the location of the impact of the collision; and (3) that the verdict is against the manifest weight of the evidence.

As to the first point, the principal answer by appellees is that no question of venue was raised and properly preserved in the record, so that the question cannot now be raised in this court.

 The proper venue in a transitory action like this, is a county in which at least one defendant resides, or where some part of the transaction occurred. (Chapter 110, par. 131, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.007].) The pertinent facts herein are that neither defendant resides in Gallatin county, where the suit was filed, both being residents of adjacent White county. The location of the collision was on Illinois highway number 141, which is a paved road running along the north boundary of Gallatin, and the south boundary of White county; the center line of the pavement is on the county line. Deceased was driving toward the east at the time of the collision, and would properly be on the south half of the pavement, in Gallatin county; but appellants contend he crossed over onto the north half of the slab, so that the "transac-

tion" (*i. e.*, the collision) occurred in White county. Of course, if he did that, the fact might also establish contributory negligence, which would be a defense to the suit, on the merits, as well as alter the venue.

The defense made no motion for change of venue, nor any other motion, plea or objection questioning the venue, prior to the trial. However, appellants contend they duly raised the question by their answer, which was their first pleading, and that it is proper to raise the point by answer, citing the Civil Practice Act, ch. 110, par. 172, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.048].

■ We are of the opinion, that the question may be raised in the answer, if properly set forth therein, but not for the reason given by appellants. The provisions of par. 172 refer to the various grounds available on a motion to dismiss the suit, and the section concludes by adding that the same grounds may be asserted by answer as well as by motion. The particular ground cited by appellants is subparagraph b which is "That the court has not jurisdiction of the subject matter of the action or suit, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction."

■ That provision does not apply to venue. While the word "jurisdiction" has been loosely used in discussions of venue, the phrase "jurisdiction of the subject matter" has come to be the standard phrase referring to the inherent power of the court, as distinguished from venue. 21 C. J. S. Courts, sec. 15c and sec. 23. Jurisdiction of the subject matter cannot be conferred by consent of the parties, hence is not waived by failure to object in apt time; the question can be raised for the first time on appeal. On the other hand, venue is a matter of privilege to the defendant, which he may waive, either expressly, or by failure to object at the first opportunity. *Maton*

*Bros., Inc. v. Central Illinois Public Service Co.,* 269 Ill. App. 99, affirmed 356 Ill. 584.

There is nothing in the Civil Practice Act which changes the latter rule. It may be observed that the proviso in section b above quoted specifically excludes cases which may be transferred to the proper court. As a further precaution against any misunderstanding, the said statute contains sec. 11 [Ill. Rev. Stat. ch. 110, par. 135; Jones Ill. Stats. Ann. 104.011] which states that judgments in the wrong venue are not void for want of jurisdiction. (See also, Historical Note under this section in Smith-Hurd, Ill. Ann. Stat.)

Since the adoption of our present practice act, there are few reported cases dealing with venue, and none which pass precisely upon the right to question venue by answer. We therefore refer to some provisions of the statute, and general rules, which we believe establish the right, subject to certain requirements.

Chapter 110, par. 157 [Jones Ill. Stats. Ann. 104.033] provides that each defense "shall be separately pleaded, designated and numbered." Paragraph 167 [Ill. Rev. Stat. ch. 110, par. 167, subpar. (3); Jones Ill. Stats. Ann. 104.043, subpar. (3)] is even more specific, subsection (3) thereof states "All defenses, whether to the jurisdiction or in abatement or in bar, may be pleaded together, but the court may order defenses to the jurisdiction or in abatement to be tried first." There are two subsections stating requirements, subsection (1) states "Parties may plead as many . . . defenses . . . as they may have, and each shall be separately designated and numbered." Subsection (4) also contains this: "any ground or defense, whether affirmative or not, which if not expressly stated in the pleading, would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply."

An objection to venue is in the nature of a plea in abatement, it questions the jurisdiction, or

449

right to proceed, in the particular case, and it has always been the rule that such objection must be made at the earliest opportunity, and must be specific. Other rules of long standing are: in transitory actions, such as this one, it has never been required that the declaration, or complaint, contain averments to show affirmatively the correct venue. In fact, at common law, the place of the occurrence in such forms of action could be alleged under a videlicet which was not traversable. 56 Am. Jur. Venue, sec. 2; *Kenney v. Greer,* 13 Ill. 432. It followed that the objection to venue could not be made by demurrer, it was necessary to file a motion or a special plea, prior to general appearance, with specific and positive averments, showing in what place the venue lay. *Gillilan v. Gray,* 14 Ill. 416; *Lester v. Stevens,* 29 Ill. 155; *Hardy v. Adams,* 48 Ill. 532; *Wallace v. Cox,* 71 Ill. 548; *Village of Dalton City v. Loving,* 87 Ill. App. 520; *Werner v. W. H. Shons Co.,* 260 Ill. App. 262.

The Civil Practice Act does not purport to change all of these fundamental rules, beyond permitting defenses by way of abatement, etc., to be joined (but separately designated) with other defenses in the answer. And the mere assertion of the facts of venue in the answer could not be sufficient, unless it further appears that the defendant is objecting to a trial in the wrong venue. *People ex rel. Harmon v. Thompson,* 327 Ill. App. 161.

 To sum up: we hold that the defense of wrong venue may be raised by answer, under the following conditions, (1) By statute, the defense must be separately designated, and not concealed in or confused with other defenses; (2) since in transitory actions, averments in the complaint which may bear upon venue are mere matters of inducement, and not essential averments, the answer must be specific as to the facts pertaining to venue; and (3) since the ob-

jection to venue may be waived, the recital of facts alone is not sufficient, it must further appear that the defendant is not waiving the defense, but is objecting to a trial on the merits in the wrong venue.

Applying this rule to the pleadings in this case, we find that the complaint contained four numbered paragraphs. In none of them is there any reference to the place of residence of defendants. In the first paragraph there is a statement that deceased was driving his car in Gallatin county, and in paragraph 2 it is alleged that the collision occurred on the south half of the road. No reference is made to county lines, so that, for aught that appears, the road might be wholly in Gallatin county.

The answer is not a model form, its sole merit is brevity. It recites that defendants come and answer the complaint; then follow four paragraphs, identical in words except the numeral, as follows: "They deny the allegations in paragraph 1 thereof, and each and every one of them." The same statement is made as to paragraphs 2, 3 and 4, and that is all.

This answer fails to meet any of the requirements for objecting to venue. In fact, it amounts to nothing more than a statement that defendants admit nothing, and is comparable only to a general issue. By no stretch of the imagination could anyone read this answer and deduce that the defendants objected to trying the case in Gallatin county. Indeed, a mere reading of the complaint and answer does not even disclose that there could be any objection to venue, even if defendants desired to raise it.

From further examination of the record, we find no preliminary motion or objection opposing trial in Gallatin county. The first time the location of the county boundary appeared in the case was at the close of plaintiff's testimony, when a stipulation was filed fixing the boundary as the center line of the pavement.

451

The fact that defendants resided in White county was first brought out in defendants' testimony.

 We hold that the answer did not raise the question of venue, that defendants proceeded to trial without objection on that ground, and therefore, the question of venue was waived.

 At the end of the testimony defendants tendered a special interrogatory. This document purported to instruct the jury as to the location of the boundary between White and Gallatin counties, and concluded with a question as to which side of the center line of the highway the impact occurred. Since the location of the boundary line was not an issue in the case, such an instruction on extraneous matters would only serve to confuse the jury, and the court properly refused to give it.

Under the evidence in the case, plaintiff contends that defendant's truck approached the scene of the collision at a high rate of speed, and the driver did not properly control it, but swerved off the pavement a couple of feet, then swerved back onto the slab and, partly crossing the center line, side-swiped deceased's car. The defense contends the truck driver edged off the pavement to the right, in an effort to avoid a collision with the car, which was partly across the center line into the wrong lane, and that the collision then occurred in spite of the truck being partly on the north shoulder of the road.

Each of these conflicting statements is supported by the testimony of one occurrence witness, both of whom had some interest in the outcome of the suit being according to their respective statements.

Both sides produced disinterested witnesses who had arrived on the scene after the collision and who found the marks of truck tires, apparently of the truck involved. There is a hopeless conflict in their testi-

mony, also, as to the position of the tire marks near the point of impact.

As to evidence of a circumstantial nature, there were facts supporting the theory of the defense, but other facts, particularly as to the high and dangerous speed of the truck in approaching a bridge, supported the plaintiff.

In view of the substantial amount of evidence in support of plaintiff's case, we are unable to say that the verdict is contrary to the manifest weight of the evidence. Under these conditions, a court of review should not substitute its judgment for that of the jury, or upset the verdict, even if it were to reach a contrary conclusion, for that would be invading the constitutional province of the jury. *Bliss v. Knapp,* 331 Ill. App. 45.

Several points are raised as to impeachment of witnesses, inconsistencies, contradictions in minor details, etc. These were proper arguments to the jury, which has the primary duty of determining the credibility of witnesses, and the weight to be accorded their testimony. *Chapman v. Deep Rock Oil Corp.,* 333 Ill. App. 529. We find no sufficient basis for us to assert the jury's findings were wrong.

The trial court properly entered judgment on the verdict, and the judgment is affirmed.

*Judgment affirmed.*

CULBERTSON and BARDENS, JJ., concur.