People of the State of Illinois, Plaintiff-Appellee, v. Edward Lee Lyons, Otherwise Called Allen Lee Lyons (Impleaded), Defendant-Appellant.

Gen. No. 54,215.

First District, First Division.

March 9, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago, for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was charged in separate indictments with three offenses of armed robbery and one offense of attempted armed robbery. He entered pleas of not guilty and the Public Defender was appointed as his counsel.

On April 14, 1969, the defendant informed the court of his desire to change his plea of not guilty to guilty as to each of the offenses. The trial judge made inquiry of the defendant regarding his change of pleas and asked whether he understood that by entering pleas of guilty, he waived his right to a jury trial. Defendant answered that he understood. The judge then informed the defendant of the penalties which he could impose for each charge and asked whether he still persisted in his pleas of guilty. Defendant answered affirmatively. The court then heard the stipulated facts with regard to the offenses charged and entered judgment on the pleas. The defendant was sentenced on each offense to a term of five to eight years, to be served concurrently. The defendant filed a notice of appeal as to all four convictions and the public defender was appointed to represent him.

█ The Public Defender's office filed the record on appeal but has not filed a motion for leave to withdraw from the case on the ground that after a careful examination of the record an appeal would be wholly frivolous. The Public Defender filed a brief in support of the motion in which it was concluded that the only possible charge of error which could be urged would be as to the trial court's admonishment to the defendant after the defendant had entered his pleas of guilty. We agree with the Public Defender that the record establishes beyond question that the court's admonishment was more than adequate and that an appeal as to that point would be frivolous. The record discloses that defense counsel discussed with the defendant his pleas of guilty. Thereafter, the court advised defendant of his right to a jury trial and the consequences of his pleas of guilty. (Ill Rev Stats, c 38, § 115–2 (1967)); People v. Kontopoulos, 26 Ill2d 388, 186 NE2d 312 (1962).

On December 12, 1969, defendant was notified by this court of the Public Defender's motion to withdraw and

was sent copies of that petition and the brief in support thereof. He was instructed that he had until February 10, 1970, to file any points that he might choose in support of his appeal. The defendant has failed to file any such points.

■ We have thoroughly considered the Public Defender's brief in support of his motion to withdraw and have made a full examination of all the proceedings in accordance with the requirements of Anders v. California, 386 US 738 (1967) and People v. Carter, 92 Ill App 2d 120, 235 NE2d 386 (1968). We conclude that the appeal is wholly frivolous and that the Public Defender should be allowed to withdraw. Therefore, the judgments of conviction are affirmed.

Judgments affirmed.

BURMAN, P. J. and MURPHY, J., concur.