THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* EDWARD LEE LYONS, Petitioner-Appellant.

(No. 56819; )

First District—November 16, 1972.

Kenneth E. Steffan, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Nicholas A. DeJohn, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

In April 1969 Edward Lyons pleaded guilty to three charges of armed robbery and one of attempted armed robbery. He was sentenced to five to eight years in the penitentiary. A notice of appeal was filed but the public defender, appointed to represent him, was granted leave to withdraw on the ground that the appeal would have been frivolous. *People v. Lyons* (1970), 121 Ill.App.2d 311, 257 N.E.2d 506.

Lyons filed a petition seeking post-conviction relief, alleging that he agreed to waive his right to a jury trial and to change his plea from not guilty to guilty, in return for a sentence of not less than two nor more than three years. The State's motion to dismiss the petition was denied. At a subsequent hearing upon the merits of the petition, Lyons testified that his attorney Stanton Bloom, an assistant public defender, induced his plea of guilty by misrepresenting the sentence he would receive. His testimony was corroborated by Donald Huggins, a co-defendant. Bloom denied making any false representation. The trial judge, who had presided at Lyons' trial and accepted his guilty plea, found that he failed to prove his case.

Before the commencement of the hearing, the trial judge, upon learning

that Bloom would be a witness, stated that Bloom had served in his courtroom for several months and suggested that the case be transferred to another judge. Lyons now complains that this was not done. He asserts that the judge had a preconceived opinion concerning Bloom's credibility, thus denying him due process of law.

Prior to ruling upon the State's motion to dismiss the petition, the judge inquired whether he was not to take notice of the fact that Bloom entered the smallest number of guilty pleas "of any Public Defender in this building." The assistant State's Attorney answered, "you are," and Lyons' counsel stated, "I think you will." The judge then continued:

> "But if I am to put my blinders on and overlook what I know insofar as Mr. Bloom is concerned, then I think we should all understand each other. Because in evaluating this I can't disregard that, unless you people tell me you can't think about that, in which case I would have to send it to another judge."

Lyons' attorney replied, "I understand that," and offered no objection to the judge hearing the case.

In *People v. Wilson* (1967), 37 Ill.2d 617, 230 N.E.2d 194, the defendant filed a post-conviction petition which was assigned to the judge who had accepted his guilty plea, and the petitioner moved for a change of venue. On appeal it was held that although the right to a change of venue is not absolute in post-conviction proceedings, a trial judge should recuse himself if it appears that he might be a potential witness or be biased. In the present case, no motion for a change of venue was ever presented. The post-conviction petition contained no allegation of involvement by the trial judge in the purported agreement between the State and Lyons, in which Lyons was allegedly offered a two to three-year sentence in return for pleading guilty. In a case where the defendant neither moved for a change of venue nor alleged that he had been induced to plead guilty by any action of the trial judge, it was held that no error was committed by the judge's failure to disqualify himself from presiding at a post-conviction proceeding. *People v. Hayes* (1971), 49 Ill.2d 298, 273 N.E.2d 838.

The trial judge candidly disclosed his awareness of the small number of guilty pleas entered by Bloom, and he was considerate of the defendant's rights in offering to transfer the proceedings to another judge if the attorneys for Lyons and the State thought it advisable. Lyons' attorney acquiesced in the judge presiding at the post-conviction hearing; consequently, his failure to object waives this issue on appeal. *Dever v. Bowers* (1950), 341 Ill.App. 444, 94 N.E.2d 518; *People ex rel. Harmon v. Thompson* (1945), 327 Ill.App. 161, 63 N.E.2d 624.

It must be noted also that the trial judge made every effort to provide

the defendant with a fair hearing. He denied the State's motion to dismiss the petition and ordered that Lyons and a corroborating witness be brought from the penitentiary to testify so that the defendant's allegations could be fully aired. The witnesses were thoroughly questioned at the hearing, and a document purportedly signed by Lyons was introduced in which he stated that he wished to plead guilty in consideration for a five to eight-year sentence. The issue at the hearing was not whether Bloom entered few or many guilty pleas, but the character of the representations made by him to the defendant. The judge's statements concerning Bloom's practice and reputation were wholly insufficient to show either a preconceived opinion of his credibility or a bias in his favor so as to deprive Lyons of a fair hearing. The judgment is affirmed.

Judgment affirmed.

McGLOON, P. J., and McNAMARA, J., concur.