THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CALVIN COFIELD, Defendant-Appellant.

(No. 56549;

First District—January 30, 1973.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane, James R. Truschke, and Russell Hartigan, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant, Calvin Cofield, was charged with contributing to the sexual delinquency of a child.* He waived trial by jury, and the judge found him guilty. He was sentenced to the Cook County House of Correction for a term of six months.

Defendant now appeals his conviction and raises these issues for our review: (1) whether the trial judge erred in abandoning his role of impartial judge and assuming the role of prosecutor to an extreme degree, and in intimidating a thirteen-year-old witness; (2) whether the trial judge erred in failing to establish the competency of a thirteen-year-old witness; (3) whether the defendant was proved guilty beyond a reasonable doubt; and (4) whether the trial court erred in failing to conduct a hearing in mitigation.

In order to rule upon these issues, the proceedings at trial must be set out in detail. The prosecution first called the thirteen-year-old victim, Deborah Sorensen. She testified that, at approximately 9:00 P.M. on July 4, 1971, she was with defendant in the alley behind the building where both she and defendant lived. The trial judge then began questioning the witness. Deborah testified that defendant did not touch her. She was then excused, and the trial judge called the police officer who had responded to a rape complaint at the building. The judge asked the officer what he had found, and he testified that the victim, Deborah, told him that defendant had grabbed her. This witness was then interrupted by the trial judge and excused, and the judge recalled Deborah. The trial judge asked her if she had made that statement to the police officer, and Deborah said that she had. The judge then asked, "Why are you lying to me now?" He reminded her that she was under oath and again asked her

---

* Ill. Rev. Stat. 1971, ch. 38, par. 11—5.

if defendant touched her. The trial judge explained that he was confronting the witness with her statement to the officer, and he further stated that he would "send her to the Audy Home and take her in custody" if she did not tell the truth. Deborah answered that defendant did grab her. The judge continued questioning her and she testified that defendant pushed her down, grabbed her chest and would not leave her alone. She further stated that they both remained fully clothed. The prosecutor asked how long defendant lay on top of her, and she said a couple of minutes. The trial judge then asked the police officer if this was what she had previously said, and the officer stated that when he arrived at the apartment she told him that defendant was on top of her for "a couple of hours."

The trial judge also called Deborah's mother and asked her if she was present at the time of the occurrence. The witness said that she was not and was excused. The judge then called a State's witness, who testified in response to the trial judge's questions that he saw defendant on top of Deborah. The judge called the second eye-witness, and the prosecutor asked this witness if he saw defendant on top of Deborah. He testified that he did, but that defendant was fully clothed.

Defendant was found guilty and a brief hearing was held during which defendant's arrest record was read. After defendant acknowledged prior convictions, he was sentenced to a six month term in the Cook County House of Correction.

*OPINION*

Defendant's first contention is that he was denied a fair trial because the trial judge assumed the role of prosecutor. Defendant supports this contention by pointing out that the trial judge himself called nearly all of the State's witnesses, conducted extensive examinations of these witnesses and intimidated one of them by threatening to send her to the Audy Home. The State argues, however, that the conduct of the judge did not exceed the bounds of judicial discretion, and that the judge's questioning of the witnesses was a conscientious effort to reach the truth. The State also contends that the judge's remark regarding the Audy Home was a minor incident which did not prejudice defendant.

■■■ Generally, a trial judge has the right to question witnesses in order to elicit truth or bring enlightenment on material issues which seem obscure. (*People v. Marino*, 414 Ill. 445, 111 N.E.2d 534; *People v. Wesley*, 18 Ill.2d 138, 163 N.E.2d 500.) The propriety of such examinations must be determined by the circumstances of each case and rests largely in the discretion of the trial judge. (*People v. Marino, supra; People v. Trefonas*, 9 Ill.2d 92, 136 N.E.2d 817.) This is especially true where the defendant is tried without a jury and the danger of prejudice

to the defendant is lessened. *People v. Palmer*, 27 Ill.2d 311, 18 N.E.2d 265.

■■ However, the discretion of the trial judge is not unlimited. The standard of judicial conduct requires a judge to be fair and impartial whether the defendant has a jury trial or a bench trial. (*People v. Giacomino*, 347 Ill. 523, 180 N.E., 437; *People v. Ojeda*, 110 Ill.App.2d 480, 249 N.E.2d 670.) A lengthy examination by the judge is justified if the court has reason to believe that a witness is not telling the truth, but the trial judge must never depart from his function as judge to assume the role of an advocate. *People v. Wesley, supra.*

■■ From our review of the record in the instant case, it appears that the trial judge did not merely attempt to clarify issues, but assumed the role of prosecutor. The trial judge called the State's witnesses, conducted the examinations and asked questions directed at eliciting testimony to support the allegations against the defendant. The trial judge apparently called the police officer as a witness to refresh the recollection, or to seek to awaken the conscience of the victim to speak the truth. The court acted as prosecutor and judge, and thus exceeded the grounds of judicial propriety. *People v. McGrath*, 80 Ill.App.2d 229, 224 N.E. 660. See *People v. Green*, 17 Ill.2d 35, 160 N.E.2d 814; *People v. Dixon*, 81 Ill.App.2d 330, 225 N.E.2d 445; *People v. Falconer*, 116 Ill.App.2d 56, 253 N.E.2d 484.

The prosecution relies on *People v. Wesley, supra,* wherein our Supreme Court held that the defendant was not deprived of a fair trial even though the trial judge made some statements which were not calm and dispassionate. The court there stated that the judge's questions were asked and comments were made to clarify uncertainties because of the witnesses' inconsistent and evasive statements. Thus, the court in *Wesley* held the judge's conduct to be improper, but not reversible error.

■■ This court recognizes that the problem of over-crowded dockets has placed a high value on swift justice, but every defendant must be assured of a fair, adversary hearing. We find that defendant was prejudiced by the conduct of the trial judge and was deprived of a fair trial. Furthermore, defendant did not waive this error by his failure to object at trial. (*People v. McGrath, supra.*) Therefore, the conviction of defendant is reversed and the cause remanded for a new trial. In view of our decision, the remaining errors alleged by defendant need not be considered.

Reversed and remanded.

LEIGHTON and HAYES, JJ., concur.