THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. MELVIN DIXON, Petitioner-Appellant.

Fifth District   No. 5—86—0020

Opinion filed September 1, 1987.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Kim G. Noffke, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The St. Clair County circuit court found defendant Melvin Dixon (petitioner) guilty of the offense of rape and sentenced him to 20 years in the department of corrections. On appeal this court affirmed petitioner's conviction and sentence. Thereafter, petitioner filed a post-conviction petition which was denied after a hearing on the State's motion to dismiss. From this order petitioner appeals. We affirm.

The record reveals the following facts. After petitioner filed a *pro se* petition for post-conviction relief, the trial court appointed counsel for petitioner. The chief judge of the circuit court then assigned a judge other than the original judge at trial to preside at the post-conviction petition proceedings. Trial counsel subsequently filed an amended petition which alleged in part:

"3. That the Petitioner was denied effective assistance of counsel as guaranteed by the United States and Illinois Constitutions and in support thereof states as follows:

(a). That the retained trial attorney, Jack Giannini, failed to properly investigate the background of the victim, Linda Boggy, with regard to any record of prior prostitution or any other criminal offenses. Any such information could have been utilized to impeach the testimony of the victim.

(b). That said trial attorney failed to investigate the testimony of several pre-occurrence witnesses, namely one David McCoy, one Michael Lofton, and Eddy Richardson, who would have aided petitioner's defense. Trial counsel chose instead to

call Robert Lofton as a witness. Said Robert Lofton was an extremely poor witness and this fact should have been known by trial attorney. Also, said trial attorney failed to investigate the testimony of the service station attendant as well as any witnesses at the service station which may have aided in corroborating petitioner's testimony.

4. That the prosecution used peremptory challenges to systematically exclude blacks from the jury solely because of their race.

5. That petitioner was denied effective assistance of appellate counsel due to said counsel's failure to raise the issues contained herein, on appeal."

The State filed a motion to dismiss stating that petitioner failed to state a claim upon which relief can be granted and that petitioner's claims are barred by the principle of *res judicata*. After a hearing on the State's motion, the trial court dismissed petitioner's petition.

In petitioner's first issue on appeal, he argues that the trial court erred when it denied his petition for post-conviction relief without an evidentiary hearing. He specifically argues that he was denied effective assistance of counsel.

■ When a petitioner alleges in a post-conviction petition that his allegation of ineffective assistance of counsel merits an evidentiary hearing, he must present more than mere conclusions as support. The petitioner must make a substantial showing of a constitutional violation. (See *People v. Jones* (1977), 66 Ill. 2d 152, 157, 361 N.E.2d 1104, 1106.) If the record of the proceedings shows that the petition is without merit, the trial court may properly dismiss the petition. (66 Ill. 2d 152, 361 N.E.2d 1104.) On appeal the question before this court is whether petitioner demonstrated not only that his attorney was incompetent but also that trial counsel's incompetence was prejudicial with regard to the outcome of the case. (*People v. Gaines* (1984), 105 Ill. 2d 79, 92-93, 473 N.E.2d 868, 875, *cert. denied* (1985), 471 U.S. 1131, 86 L. Ed. 2d 282, 105 S. Ct. 2666.) Under *Strickland v. Washington* (1984), 466 U.S. 668, 697, 80 L. Ed. 2d 674, 699, 104 S. Ct. 2052, 2070, this court need not decide the performance component of an ineffectiveness claim before analyzing the prejudice issue since an insufficient showing on either will defeat the constitutional claim. Furthermore, as the Supreme Court stated in *Strickland*, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." 466 U.S. 668, 697, 80 L. Ed. 2d 674, 699, 104 S. Ct. 2052, 2069.

In this case, this court finds that since the evidence of petitioner's guilt is so overwhelming, the outcome of the trial would not have been different regardless of what trial counsel did for him. This court made the following observations of the evidence adduced at trial in petitioner's direct appeal:

> "In the case at bar, the issue was consent. Evidence at trial indicated that complainant had been beaten severely. She made a prompt complaint to the police. Defendant failed to stop at two traffic control devices after the police tried to stop him which is indicative of guilty knowledge. When he was stopped, the defendant informed the authorities that he did nothing but help the complainant with her car, although he later admitted having intercourse with her. Also, scientific evidence established that both the complainant's and defendant's blood was found on the complainant's and defendant's clothes. Much of defendant's testimony can be succintly [sic] characterized as incredible." People v. Dixon (5th Dist. Sept. 14, 1982), No. 5—81—0059, unpublished Rule 23 Order at 7.

Although petitioner alleges that his trial counsel failed to investigate the victim's alleged record of prior convictions for prostitution, he did not support his allegation with any documentation as required by section 122—2 of the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.) At the time of petitioner's trial, evidence of complainant's unchastity and immorality for the purpose of establishing the probability of consent was admissible, but evidence of specific acts of immorality would not have been admissible. (People v. Collins (1962), 25 Ill. 2d 605, 611, 186 N.E.2d 30, 33, cert. denied (1963), 373 U.S. 942, 10 L. Ed. 2d 697, 83 S. Ct. 1551.) Since petitioner's conviction, the legislature enacted section 115—7 of the Code of Criminal Procedure of 1963, hereinafter referred to as the Rape Shield Law. (Ill. Rev. Stat. 1985, ch. 38, par. 115—7.) If this court were to remand this cause for retrial, evidence of complainant's alleged prior convictions for prostitution would not be admissible pursuant to the Rape Shield Law. Furthermore, evidence of complainant's reputation for unchastity would not have convinced a jury that complainant consented to intercourse with petitioner. The evidence adduced at trial revealed that complainant was severely beaten, indicating a lack of consent. Any discovery of prior convictions would not have made a difference in the outcome of the case. Petitioner's allegations also fail in light of the record revealing that trial counsel requested in discovery "any record of prior criminal convictions, which may be used for impeachment of persons whom the State intends to

call as witnesses." Trial counsel did seek information which petitioner now claims he failed to seek. Thus, this court finds that trial counsel's alleged failure to investigate the victim's alleged prior convictions for prostitution did not prejudice the outcome of the trial, and this court need not discuss the issue of trial counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

█ Petitioner also argues that trial counsel was ineffective because he failed to raise prosecutorial systematic exclusion of black jurors from his jury. Petitioner cites the recent United States Supreme Court case of *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712.

In *Batson*, the court held that a *prima facie* case of purposeful racial discrimination is established by showing a "pattern" of strikes against black jurors in a particular venire. Once a *prima facie* showing is made, the burden shifts to the prosecution to come forward with a neutral explanation. Not long after *Batson*, the Supreme Court held in *Allen v. Hardy* (1986), 478 U.S. 255, 92 L. Ed. 2d 199, 106 S. Ct. 2878, that the standard established in *Batson* is not to be applied retroactively on collateral review of final convictions. In addition, the Supreme Court reemphasized *Allen* in *Griffith v. Kentucky* (1987), 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708. The court held that the rule in *Batson* is retroactively applicable to those cases pending on direct review or not yet final. Thus, this court finds that *Batson* offers little support to petitioner's argument and as such the old standard established in *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824, is applicable.

In *Swain* the Supreme Court held that a claim of systematic exclusion by a prosecutor could not be established unless a pattern of case by case exclusion of blacks was shown. Without such evidence a petitioner cannot succeed in raising a systematic exclusion issue on direct appeal. The record and petitioner's petition in this case reveal that information was not available to counsel at the time of trial; therefore trial counsel was not ineffective. See *People v. Gaines* (1984), 105 Ill. 2d 79, 96, 473 N.E.2d 868, 877.

█ In petitioner's final issue on appeal, he argues that the circuit court improperly assigned a judge other than the judge at trial to preside over his post-conviction hearing. Petitioner relies on *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501, but this court finds such reliance misplaced. The defendant in *Joseph* sought to have his cause remanded for a rehearing on his post-conviction petition and to have the proceedings heard by a judge who did not preside at the second

trial, as required by section 122—8 of the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1985, ch. 38, par 122—8.) The *Joseph* court declared that section 122—8 was unconstitutional because it unduly encroached on the court's administrative authority violating the doctrine of separation of powers. (Ill. Const. 1970, art. II, sec. 1.) In light of this holding, petitioner argues that since this cause was assigned to another judge pursuant to an unconstitutional act, this cause must be reversed and remanded to the circuit court for reassignment. However, this court finds that petitioner's analysis fails.

First, Judge Starnes as a circuit court judge derives his authority to preside over post-conviction proceedings not from section 122—8 but from the Illinois Constitution. (Ill. Const. 1970, art. VI, sec. 9.) Second, the circuit court's authority to assign a particular judge to preside over a post-conviction proceeding flows directly from the provisions of the Illinois Constitution and the rule of the court. (94 Ill. 2d R. 21b.) As section 122—8 had provided, it directly interfered with the judicial authority of assignment. Since the decision in *Joseph*, there are no restrictions on the chief judge's power of assignment. Moreover, the *Joseph* court held that the power to assign judges is one of the exclusive powers granted to the judiciary and cannot be infringed upon by the legislature. Even prior to the holding in *Joseph*, the Illinois Supreme Court held that it had the power to order a chief judge to assign another judge other than the original trial judge to preside over a petitioner's post-conviction hearings. (See *People v. Ruiz* (1985), 107 Ill. 2d 19, 24, 479 N.E.2d 922, 924.) Thus, *Joseph* does not support petitioner's argument.

In *People v. Young* (1985), 136 Ill. App. 3d 107, 482 N.E.2d 1008, this court, anticipating that section 122—8 would be found unconstitutional, held that section 122—8 would have no effect upon the jurisdiction of a particular judge to hear a post-conviction petition. Furthermore, if a petitioner wanted another judge, he would have to file a motion for substitution of judges and any resulting substitution of judges would not be an error rising to a constitutional level. In light of *Young*, petitioner has waived this issue because he failed to object to or move for substitution of judges. Under section 122—8, failure to object or move for substitution of the presiding judge over the post-conviction proceeding waives any challenge to the trial court's jurisdiction. (136 Ill. App. 3d 107, 109, 482 N.E.2d 1008, 1011; *People v. Lyons* (1972), 8 Ill. App. 3d 647, 648, 291 N.E.2d 25, 26.) Thus, this court finds that the chief judge had the authority to assign petitioner's post-conviction hearing to a judge other than the original judge at trial.

For the foregoing reasons, this court affirms the judgment of the circuit court of St. Clair County.

Affirmed.

KARNS, P.J., and HARRISON, J., concur.