(No. 35701.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK FRANCESCHINI, Plaintiff in Error.

*Opinion filed September 29, 1960.*

GEORGE E. GRAZIADEI, of Chicago, (JOSEPH I. BULGER, and G. J. DEVANNA, of counsel,) for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Sprinfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and JIM D. KEEHNER, Assistant Attorneys General, and FRANCIS X. RILEY, and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Frank Franceschini was indicted in the criminal court of Cook County for the crime of burglary. He was tried by the court without a jury, found guilty, and sentenced to a term of imprisonment for not less than one nor more than ten years. He prosecutes this writ of error, contending that the evidence was insufficient and that the court erred in suggesting to the prosecutor, after closing argument had begun, that he put on evidence showing how entrance was gained.

Testimony by the prosecuting witness, Betty Keegan, shows that on January 1, 1959, she and a roommate, Diane Dawdy, lived in an apartment at 1647 Wells Street, Chicago. They had gone out on New Year's Eve, and when they arrived home in the early morning of January 1, they found that nearly all of their clothes, jewelry, purses, and luggage were missing, together with about $15 in cash On February 23, 1959, she went to the apartment of one Susan Lane in response to a call from the police, and there discovered several of the missing articles, including her purse and an overnight bag, and the luggage belonging to her roommate. She also testified that she had known the defendant about four years, but had not spoken to him for about two years.

A police officer testified that on February 23 he was parked in the vicinity of Susan Lane's apartment; that he picked up the defendant and took him to the police station, where he was questioned about the burglary; that defend-

ant admitted knowing the complainant Betty Keegan, but denied any knowledge of the crime; that they went to the apartment of Susan Lane; and that Miss Keegan and Miss Dawdy arrived soon thereafter and identified the items of property belonging to them.

Susan Lane testified that she had known defendant for three or four years, that she was at her home on February 23, when she was visited by the police officer, Miss Keegan and others; that the property identified by the complainant had been in her apartment since New Year's Day or the day after, and that it had been brought there by the defendant. The witness further testified that on the occasion when defendant brought the articles she had no conversation with him; that he and a girl who later came to the apartment went out together for a time, and when they returned defendant gave the girl a coat which he had brought to the apartment.

On cross-examination of Susan Lane it was brought out that she had been arrested several times on various charges, including prostitution, petty larceny and keeping a disorderly house. A police officer testified on behalf of defendant that he was acquainted with Susan Lane and had arrested her on two occasions for keeping a disorderly house; that she was known as a prostitute; and that in his opinion her reputation for truth and veracity was not good.

It further appears that Susan Lane and others were under indictment for a different burglary, and for receiving stolen property. By permission of the court, defendant's counsel took the stand and testified that at a conference in a judge's chambers at which the State's Attorney was present, Susan Lane's attorney told her if she would testify against defendant the State would *nolle pros* the case against her; and that she answered she would so testify. On motion of the State's Attorney the indictment referred to was subsequently stricken off with leave to reinstate.

After the defense had rested its case and the prosecutor

had begun his closing argument, the court expressed a desire to know how entrance was gained into Miss Keegan's apartment, and inquired whether the State had any proof to offer on the matter. Thereupon Betty Keegan was recalled and testified that on January 1, 1959, when she returned to her apartment with Miss Dawdy she found the bathroom window open and the screen was in the bathtub; that she went downstairs, where she observed ladder marks and footprints; and that when she had left the apartment the previous evening, all doors and windows were secured.

Defendant first contends that the State failed to prove a breaking and entering, and that the *corpus delicti* was therefore not established. The contention is without merit. The testimony of the prosecuting witness clearly showed that entrance was gained through the bathroom window, which had been closed when she left the previous evening, and it is not disputed that property of Betty Keegan and her roommate was stolen. Burglary can seldom be proved by direct evidence of the actual breaking and entry, and in most cases such fact must necessarily be inferred from other facts and circumstances proved or admitted. The fact that a larceny was actually committed is evidence that the breaking and entering was accomplished with an intent to commit that offense. *People* v. *McMullen,* 400 Ill. 253.

It is argued next that the evidence of guilt is insufficient. To prove that defendant committed the crime, the State undertook to prove exclusive possession by him of some of the stolen articles soon after the commission of the offense. The rule is well settled that the recent, exclusive and unexplained possession of the proceeds of a burglary in itself gives rise to an inference of guilt which may be sufficient to sustain a conviction unless there are other facts and circumstances which leave in the mind of the jury, or the trial court if a jury is waived, a reasonable doubt of guilt. *People* v. *Pride,* 16 Ill.2d 82; *People* v. *Bennett,* 3 Ill.2d 357.

In the case at bar it was proved by the witness Susan Lane that the property identified as having been stolen in the burglary was brought to her apartment by the defendant a day or two after the crime was committed. Defendant insists that his guilt was not established beyond a reasonable doubt because it rests solely upon her testimony; and that such testimony is unworthy of belief in view of her record of arrests, the testimony that her reputation for truth and veracity was not good, the fact that the stolen property was found in her apartment, providing a motive for falsely accusing someone else, and the evidence that she was induced to testify against defendant by promises that the indictment against her would be stricken. While the matters relied upon may affect the credibility of the witness, we think the trial court was warranted in believing her testimony under the circumstances in this case. Defendant offered no evidence to rebut the testimony as to his possession, nor did he attempt to explain it. The evidence of recent possession stands uncontradicted, and no defense was made except the attempt to impeach the credibility of Susan Lane. The trial judge had full opportunity to observe the witnesses while they testified, and he was in a better position to weigh the testimony than is a reviewing court. Where there is no jury it is primarily for the trial court to determine the credibility of the witnesses and the weight to be accorded their testimony. (*People* v. *Cullotta,* 376 Ill. 333.) This court will not set aside a conviction which depends upon such matters unless it is necessary to prevent apparent injustice. *People* v. *Pride,* 16 Ill.2d 82.

Defendant lastly complains that the court committed prejudicial error when it suggested to the prosecutor, after both sides had rested, that evidence be offered to show how entrance to the apartment was gained. No specific reasons are advanced in support of the contention, and on this record we cannot say that defendant was prejudiced. In matters of this kind no inflexible rule can be applied. As

a general proposition it is never improper for a judge to aid in bringing out the truth in a fair and impartial manner. In *People* v. *Lurie,* 276 Ill. 630, 641, this court observed that "It is the judge's duty to see that justice is done, and where justice is liable to fail because a certain fact has not been developed or a certain line of inquiry has not been pursued it is his duty to interpose and either by suggestions to counsel or an examination conducted by himself avoid the miscarriage of justice, but in so doing he must not forget the function of the judge and assume that of the advocate." In the case at bar the trial judge did not assume the function of an advocate but merely remarked that he had heard no evidence on the point and suggested that if such evidence existed it might be offered at that time. It is in the sound discretion of the trial court whether a case may be opened up for further evidence, and this discretion will not be interfered with except where it is clearly abused. (*People* v. *Kelly,* 378 Ill. 273.) We find no such abuse of discretion in this case.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*