*In re* Jarrett Williams, a Minor—(The People of the State of Illinois, Petitioner-Appellee, *v.* Jarrett Williams, Respondent-Appellant.)

(No. 58767;

First District (3rd Division)—June 20, 1974.

Paul Bradley and Richard D. Thomas, both of the State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Sharon Hope Grossman, and Richard H. Casper, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Respondent, Jarrett Williams, a minor, was adjudicated delinquent after a hearing in which the court determined that he had committed the offense of burglary. Respondent was placed on probation for a period of 6 months. On appeal he contends that the evidence was not sufficient to establish beyond a reasonable doubt that he committed the offense of burglary.

At the hearing on the petition for adjudication of wardship, Officer Charles Turner testified for the State that on December 11, 1972, while he was off duty, he observed a youth standing on the corner of 94th and Rhodes Streets at about 11 A.M. After watching the boy for about 15 minutes he saw the respondent join him. The outside temperature was about 5 degrees below zero. Respondent emerged from an alley, showed the other youth a small black transistor radio, and exchanged an unidentified item (or items) as they both proceeded to the Gillespie School approximately a half block north of 94th Street on Wabash Avenue. There they met three other young men who were carrying two television sets and a movie projector. Officer Turner identified Ira Williams, respondent's brother, as the one who was carrying the movie projector.

As a squad car proceeded south on Wabash Avenue toward them, all five boys ran into the gangway of a house. Turner stopped the squad car, identified himself as a police officer, and informed the driver, Officer Frank Demitrico, of the suspicious activities of the boys whom Demitrico had just passed. All five boys approached the corner where the officers were stopped, but two of them disappeared. After a brief conversation with the three as to where they obtained the items, the officers placed them in custody. The officers went to 94th and Rhodes Streets, then returned to the vicinity of the arrest to see if there had been a recent burglary in either area. Officer Demitrico received a call to proceed to 9344 South Rhodes concerning a burglary. George Moore, who resided at that address, identified the television sets and movie projector as his property. Officer Turner further testified that he first saw Ira Williams with the projector in the 9300 block of Wabash Avenue, about seven blocks from the scene of the burglary.

Officer Frank Demitrico testified for the State that he was stopped by Officer Turner; that he saw five boys who ran into a gangway between two houses as he turned the corner onto Wabash Avenue; that he and Officer Turner stopped three of the boys who emerged from the gangway; that Ira Williams was carrying a movie projector and respondent Jarrett Williams was carrying a television set. When questioned as to the ownership of the items the boys replied that they belonged to them. An assist police car was called and Officer Demitrico and Officer Turner

proceeded to 9344 South Rhodes Street where he observed that the basement window of the house was completely broken out; the house had been ransacked; and the owner, George Moore, identified the items as his property.

George Moore testified for the State that he is the owner of the residence at 9344 South Rhodes; that on the day in question the house was unoccupied after 9 o'clock that morning; that the basement windows were in good shape; and that he never gave anyone permission to enter or take anything from the premises. Moore was later called on behalf of the respondent and further testified that Bradley Hardy was his wife's 14-year-old cousin, and that he had never given Hardy permission to enter his home during his absence.

Ira Williams was called on behalf of the respondent and testified that Bradley Hardy asked him to help pick up some things his uncle had given him; that he waited outside while Hardy made several trips into the house and brought out two television sets, a movie projector, and a tape recorder. He stated that while he was waiting he thought he heard some glass breaking; that as they walked in the vicinity of the Gillespie School, Ira saw his brother, the respondent, coming from his girl friend's house, and he asked him to help him carry a television set. His brother did not ask where they had obtained the items, but they told him. Ira further stated that when he saw the police he did not run away, but that Hardy was not with him when he was arrested.

The respondent maintains that the State failed to prove beyond a reasonable doubt all of the essential elements of the crime of burglary (Ill. Rev. Stat. 1971, ch. 38, par. 19—1(a)). We do not agree.

■■ Circumstantial evidence may be sufficient to prove the commission of a burglary. (*People v. Franceschini* (1960), 20 Ill.2d 126, 169 N.E.2d 244; *People v. Reynolds* (1963), 27 Ill.2d 523, 190 N.E.2d 301; and *People v. Harris* (1972), 53 Ill.2d 83, 288 N.E.2d 873.) In *Franceschini,* at page 130, our supreme court held that:

> "[R]ecent, exclusive and unexplained possession of the proceeds of a burglary in itself gives rise to an inference of guilt which may be sufficient to sustain a conviction unless there are other facts and circumstances which leave in the mind of the jury, or the trial court if a jury is waived, a reasonable doubt of guilt."

In *People v. Harris, supra,* the defendants were arrested as they came down a flight of stairs preceded by two other men carrying a cash register in a canvas bag. As they reached the street level, the defendants attempted to help carry the bag. Defendant Strawhorn was seen entering a cleaning establishment and leaving with the canvas bag. There was testimony that on the evening of the burglary he was physically unable

to carry any substantial weight, and that he was with his fiancee on that night. He further testified that when arrested he was merely helping some friends carry the object. The trial court instructed the jury that if they found the defendants knowingly had exclussive possession of recently stolen property with no reasonable explanation of possession, the jury might infer that the defendants had obtained possession of the property by burglary. The supreme court held that the tender of the instruction was proper, and stated at page 87:

> "Possession being a question of fact, under this state of the evidence, it was properly a subject for the determination of the jury, which determination will not be disturbed unless there are facts and circumstances which create a reasonable doubt of the defendant's guilt. [Citations.] It is within the jury's province to believe or not believe the testimony of the defendants and their witnesses. The credibility of the witnesses and the weight to be given to their testimony and the inferences to be drawn therefrom are solely for the jury. [Citations.] Joint possession with another is sufficient to constitute exclusive possession within the meaning of that term as used in the questioned instruction. [Citations.]"

The defendants there maintained that their guilt was not proved beyond a reasonable doubt since their conduct could be interpreted as innocent actions. The court held at page 88 that the jury heard the witnesses and "We cannot say there are other facts and circumstances which create a reasonable doubt of defendants' guilt."

In the instant case, the trial court found little credibility in the testimony of Ira Williams who, incidentally, was named as a respondent in the proceedings, together with his brother Jarrett. Respondent was first observed in close proximity to the scene of the burglary. While in possession of stolen articles he hid, although momentarily, at the sight of an approaching police car. He was arrested while in possession of stolen property. At the time of trial his brother offered an explanation of respondent's possession of stolen property which the trial court did not consider to be a *reasonable* explanation.

■■ Therefore, we hold that in view of all the facts and circumstances, the trial court did not err in inferring that respondent was guilty of the crime of burglary. We cannot say that there are facts and circumstances in the case which create a reasonable doubt of respondent's guilt. The judgment of the circuit court is therefore affirmed.

Judgment affirmed.

McNAMARA, P. J., and McGLOON, J., concur.