THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WAYNE WALTER, Defendant-Appellant.

Fourth District    No. 16329

Opinion filed December 1, 1980.—Rehearing denied January 2, 1981.

Gary Geisler, of Geisler, Waks & Geisler, of Decatur, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Robert J. Biderman and Garry Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

We consider here the propriety of suggestions made by the trial judge to the prosecutor, out of the presence of the jury, as to additional areas of proof necessary to be covered by the prosecution. We hold that no impropriety occurred.

Defendant, Wayne Walter, appeals judgments of the circuit court of Macon County entered on March 20, 1980, pursuant to jury verdicts finding him guilty of the offenses of aggravated battery and battery committed on January 13, 1980. He also appeals the concurrent sentences

of imprisonment of 4 years and 364 days, respectively, imposed on May 6, 1980. He asserts (1) the trial judge's suggestion to the prosecutor as to additional items of proof to be covered violated his (defendant's) rights to due process; (2) his guilt of aggravated battery was not proved beyond a reasonable doubt; and (3) the sentences were the product of improper considerations by the trial court. We affirm.

The suggestion of the judge concerning the necessity for the prosecutor to produce evidence on additional matters was made outside the presence of the jury during the State's case in chief and at the conclusion of a conference on an objection to testimony. The prosecutor was asked if he had any further questions for the witness at which point the following exchange occurred:

> "PROSECUTOR: I have no further questions at this time. When the jury returns I will submit this [the blackjack] for evidence.
>
> THE COURT: O.K. And I.D. and venue?
>
> PROSECUTOR: O.K. That's right.
>
> THE COURT: O.K. Let's bring in the jury."

The jury was then brought in and the prosecutor presented testimony identifying defendant as the culprit and establishing venue in Macon County.

The action of the trial judge here was very similar to that approved by the supreme court on two occasions. In *People v. Franceschini* (1960), 20 Ill. 2d 126, 169 N.E.2d 244, after the State had rested, the trial court expressed a desire to know how entry was gained into the burglarized apartment. The State reopened its case and showed how it was done. The court affirmed the conviction holding that the trial judge did not become an advocate merely by remarking that if such evidence existed it might be offered. Similarly, in a case in which the trial court reminded the prosecutor of the necessity to prove venue, the Illinois Supreme Court approved the trial court's actions, stating:

> "Proof of the venue is required, and in the event such proof is overlooked by the State's Attorney *the court may call attention to the omission in a fair and impartial manner*. It is the judge's duty to see that justice is done, and where justice is liable to fail because a certain fact has not been developed or a certain line of inquiry has not been pursued, it is his duty to interpose and either by suggestions to counsel or an examination conducted by himself to obviate the miscarriage of justice, but in so doing he must not forget the function of the judge *and assume that of advocate*." (Emphasis added.) *People v. Bolton* (1927), 324 Ill. 322, 329, 155 N.E. 310, 312-13.

■■ ■ The essence of the foregoing rule is that in acting to see that evidence essential to proper disposition of a case is not inadvertently

omitted, a judge must not assume the position of an advocate. The trial judge here did not do so. The situation was thus distinguishable from that in *People v. McGrath* (1967), 80 Ill. App. 2d 229, 224 N.E.2d 660, *People v. Lurie* (1917), 276 Ill. 630, 115 N.E. 130, and *United States v. Pena-Garcia* (9th Cir. 1974), 505 F.2d 964, cited by defendant. In each of these cases the trial judge questioned a witness. In none of those cases did the reviewing court state that, of itself, to have been improper. However, in *McGrath* the examination elicited incompetent hearsay shown by the record to have been relied upon by the court in reaching its decision. In the other cases, the reviewing court held the manner of questioning to have indicated to the jury that the court thought the defendant was guilty. See also *United States v. Carengella* (7th Cir. 1952), 198 F.2d 3.

· The trial judge's suggestion was proper.

Defendant was charged in two different counts of having committed an aggravated battery upon Audrey Riddle with a blackjack. One of the counts alleged that the striking caused great bodily harm. The jury returned a general verdict finding him guilty of having committed aggravated battery as to that victim. Defendant argues that the proof failed to support that verdict because the evidence that a blackjack was actually used was too weak. Actually, proof of the use of the blackjack was unnecessary because the general verdict was supported by proof of great bodily harm to the victim. The evidence showed that extensive blows to her face knocked her unconscious, gave her extensive bruises and caused her overnight hospitalization. *(People v. Carmack* (1977), 50 Ill. App. 3d 983, 366 N.E.2d 103.) In any event, the proof of use of the blackjack was sufficient. The victim and defendant's wife both testified that defendant used a blackjack. The victim had told a police officer after the occurrence that she did not know what she had been hit with but evidence was presented that she was still somewhat dazed at the time. Police officers arrested defendant in the apartment where the incident occurred shortly after the occurrence. The blackjack claimed to have been used was found in a dresser drawer in a bedroom rather than on defendant's person, but the evidence showed that there was time for him to have placed it there between the time the police first knocked on the apartment door and the time they gained entrance. The proof supported the aggravated battery conviction.

■■ Defendant's claim that improper considerations enhanced the sentences is pure speculation. He argues that because the sentences were relatively severe, the trial court must have: (1) been irritated at the defense for arguing at the hearing on the post-trial motion that the court had improperly aided the prosecution at trial; and (2) improperly considered statements in the presentence report of prior arrests of defendant which did not result in convictions. Unless the record affirmatively shows

to the contrary, it is presumed that the trial court's judgment is based on proper considerations. (*People v. McCambry* (1979), 76 Ill. App. 3d 314, 395 N.E.2d 129; *People v. Mitchell* (1976), 37 Ill. App. 3d 372, 346 N.E.2d 63.) The record gives no indication of the trial court's irritation nor that it considered the arrests. Rather it shows that the court allowed a defense motion to strike the portion of the report referring to the arrests. The record was sufficient to show that the victim had received several blows and was severely injured. The court properly considered this and other aggravating matters and considered defendant's intoxication to be mitigating. The sentences were not an abuse of discretion. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

Our affirmance is for the reasons stated.

Affirmed.

TRAPP, P. J., and MILLS, J., concur.