THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROGELIO GALAN, Defendant-Appellant.

Second District   No. 2—85—0634

Opinion filed December 31, 1986.

G. Joseph Weller and Kerry Evan Saltzman, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Kenneth R. Boyle, William L. Browers, and Martin P. Moltz, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:

After a jury trial defendant, Rogelio Galan, was convicted of burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a)) and sentenced to a term of three years' imprisonment. He appeals, contending (1) the trial judge assumed the role of an advocate by giving advice to the prosecutor regarding the direct examination of a material witness, and (2) the trial court erred in refusing to submit a jury instruction concerning circumstantial evidence.

On the morning of April 1, 1985, the Grand Plaza Restaurant in Waukegan was burglarized and approximately $2,000 was stolen, together with a radio and a broken handgun which had been hidden in a kitchen ceiling fan. The radio and handgun were subsequently recovered by law-enforcement officials from apartment 1-B at 1607 Berwick Boulevard in Waukegan. Prior to trial, the court granted defendant's motion requesting that the prosecutor be prohibited from characterizing the apartment as the defendant's residence unless proper foundation had been established.

At trial, the State attempted to elicit testimony from Edgardo Irizarry, who lived in apartment 1-J at 1607 Berwick Boulevard, that defendant resided in apartment 1-B. After repeated efforts by the State to lay a proper foundation for the testimony by Irizarry, and objections by defense counsel, the trial judge ordered a brief recess and met with the attorneys in his chambers. He then told Ted Potkonjak, the assistant State's Attorney:

"Now, as to getting into whether or not he lived at 1607 on April 1, because apparently of the delicacy of that issue, that has been brought to the court in a Motion in limine, I am going to ask Mr. Potkonjak that you not ask him the question, well, where then did he live on April 1. Okay? But rather directing your attention to the last week of March, 1985, where did you see Mr. Galan when you went to see him. Where was Mr. Galan when you went to see him. Did you have occasion to see him in the last week of March. *** Where did you go visit Mr. Galan in the last week of March. He can say where he went to visit him. How many times did you visit with him in the last week of March. Okay. You might even go into the times of day and circumstances, etcetera."

The prosecutor followed the trial judge's advice, and, in response to further questioning, Irizarry stated he had helped defendant move into the apartment approximately a month before the burglary.

Irizarry also testified he and defendant had driven to the Grand Mall Shopping Plaza at approximately 2 a.m. on April 1, 1985.

Defendant parked the car in the rear of the mall and instructed Irizarry to honk the horn if he saw anyone. Defendant took a crowbar from the trunk of the car and returned approximately 20 minutes later with a box of money and a radio. Irizarry and defendant returned to apartment 1-B, where defendant informed Irizarry he had also acquired a handgun. He gave Irizarry $255 and Irizarry returned to his own apartment.

Carlos Rivera, Irizarry's step-father, testified that defendant offered to sell him a broken handgun for $100 during the second week of April 1985.

John Korellis, the owner of the Grand Plaza Restaurant, testified he arrived to open the restaurant at 4:30 a.m. on April 1, 1985, and found the outside door had been pried open. He also stated that his brother occasionally removed the handgun from the kitchen ceiling fan while restaurant employees were present and that defendant had worked as a dishwasher at the restaurant in 1984.

Defendant did not offer any evidence, and the court refused his tender of a circumstantial instruction requiring the jury to acquit the defendant unless the evidence excluded every reasonable theory of innocence. The jury found defendant guilty of burglary, and he was subsequently sentenced to three years' imprisonment. This appeal followed.

Defendant contends first that the trial judge assumed the role of an advocate when he counseled the prosecutor on a proper method of laying a foundation for the introduction of testimony regarding defendant's residence.

■ It is an abuse of discretion for the trial judge to assume the role of an advocate. (*People v. Bradley* (1984), 128 Ill. App. 3d 372, 382, 470 N.E.2d 1121, *appeal denied* (1985), 101 Ill. 2d 590; *People v. Anton* (1981), 100 Ill. App. 3d 344, 353, 426 N.E.2d 1070; *People v. Walter* (1980), 90 Ill. App. 3d 687, 688-89, 413 N.E.2d 542.) However, he may act to ensure that evidence essential to the proper disposition of a case is not inadvertently omitted. (*People v. Walter* (1980), 90 Ill. App. 3d 687, 688-89, 413 N.E.2d 542; *People v. Martinez* (1979), 76 Ill. App. 3d 658, 662, 395 N.E.2d 124.) Thus, a trial judge may remind the prosecutor of the necessity to prove additional elements (*People v. Franceschini* (1960), 20 Ill. 2d 126, 131-32, 169 N.E.2d 244; *People v. Bolton* (1927), 324 Ill. 322, 329, 155 N.E. 310; *People v. Walter* (1980), 90 Ill. App. 3d 687, 688-89, 413 N.E.2d 542), examine witnesses to clarify material issues or eliminate confusion (*People v. Bradley* (1984), 128 Ill. App. 3d 372, 382, 470 N.E.2d 1121, *appeal denied* (1985), 101 Ill. 2d 590; *People v. Wells* (1982), 106 Ill. App. 3d

484

1077, 1086, 436 N.E.2d 688), and advise counsel on the proper phrasing of questions (*People v. Clay* (1963), 27 Ill. 2d 27, 32-33, 187 N.E.2d 719, *cert. denied* (1963), 374 U.S. 844, 10 L. Ed. 2d 1064, 83 S. Ct. 1901).

■ In the present case, the assistant State's Attorney made repeated attempts to introduce evidence to establish defendant's place of residence which were successfully objected to by defense counsel. The trial judge then ordered a brief recess and met with the attorneys out of the presence of the jury, and advised the prosecutor as to a proper method for establishing a foundation for the evidence. It is apparent here that the judge was merely acting to ensure that the jury would receive all the evidence necessary to a proper resolution of the case and did not overstep the limits of his authority so as to assume the role of an advocate. It is never improper for a judge to aid in bringing out the truth in a fair and impartial manner. (*People v. Franceschini* (1960), 20 Ill. 2d 126, 131-32, 169 N.E.2d 244; *People v. Lurie* (1917), 276 Ill. 630, 641, 115 N.E. 130.) We conclude that the trial judge did not err in counseling the assistant State's Attorney on the proper phrasing of his questions.

■ Defendant also contends the trial court erred in refusing to give the second paragraph of an instruction in the form of Illinois Pattern Jury Instruction, Criminal, No. 3.02 (2d ed. 1981) (hereinafter IPI Criminal 2d). That instruction states:

"Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of [(the) (a)] defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.

You should not find the defendant guilty unless the facts or circumstances proved exclude every reasonable theory of innocence."

The second paragraph of the instruction was formerly required to be given where the evidence in a case was entirely circumstantial. *People v. Crow* (1985), 108 Ill. 2d 520, 536, 485 N.E.2d 381; *People v. Jones* (1985), 105 Ill. 2d 342, 355, 475 N.E.2d 832; *People v. Leonora* (1985), 133 Ill. App. 3d 74, 87, 477 N.E.2d 1277, *appeal denied* (1985), 108 Ill. 2d 580.

We take note, however, that our supreme court has recently declared the second paragraph of IPI Criminal 2d No. 3.02 is obscure and misleading and has accordingly held that it should no longer be used. (*People v. Bryant* (1986), 113 Ill. 2d 497, 511-12, 499 N.E.2d

413.) In oral argument, defendant's counsel agreed that if this case were remanded for a new trial that *People v. Bryant* would preclude the giving of the second paragraph of the circumstantial evidence instruction in that trial.

No useful purpose would be served for this court to consider whether the form of the instruction tendered by defendant should have been given under the evidence offered at his trial, and we will not do so. In any event, any error at the time of the trial in refusing the instruction was harmless beyond a reasonable doubt as the evidence was clearly sufficient to establish defendant's guilt. *People v. Williams* (1984), 128 Ill. App. 3d 384, 399, 470 N.E.2d 1140, *appeal denied* (1985), 106 Ill. 2d 559; *People v. Edmondson* (1982), 106 Ill. App. 3d 716, 722, 435 N.E.2d 870, *appeal denied* (1982), 91 Ill. 2d 574.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HOPF and LINDBERG, JJ., concur.