THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD J. KUNTZ, Defendant-Appellant.

Third District   No. 3—92—0300

Opinion filed January 15, 1993.

588

Kallan & Grnacek, of Joliet (Kenneth A. Grnacek, of counsel), for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant Donald Kuntz was arrested on March 5, 1992, and charged with improper lane usage and driving under the influence of alcohol. Defendant submitted to a breathalyzer test which indicated a blood-alcohol concentration of 0.23 and his driver's license was summarily suspended (see Ill. Rev. Stat. 1991, ch. 95½, pars. 11—501.1(d), (e)). Defendant filed a petition to rescind the summary suspension (see Ill. Rev. Stat. 1991, ch. 95½, par. 2—118.1) which was denied. Defendant appeals from the denial of his petition, contending that: (1) the trial court abused its discretion in *sua sponte* granting a continuance and allowing the State to reopen its case; and (2) the court erred in admitting certain evidence without a proper foundation and in violation of the best evidence rule. We reverse.

The 56-year-old defendant testified that he left work around 10:15 p.m. on March 5, 1992, and stopped in a tavern on the way home where he had two beers. Defendant also admitted taking "a couple of sips" from a pint bottle of vodka prior to starting work at 2:45 p.m. Defendant was subsequently stopped by Officer Patrick Murphy of the Braidwood police department at approximately 11:30 p.m. Defendant stated that he successfully completed one field sobriety test (the alphabet test) but he was unable to perform the one-leg stand test because of weakness in his ankles. Defendant denied that he was under the influence of alcohol. Defendant was first taken to the Braidwood police department and then to the Wilmington police department for a breathalyzer test. Defendant testified that he was not given any warnings prior to the breathalyzer test, nor was he issued any traffic citations until after the test was completed.

After defendant rested his case, the State moved for a directed finding with respect to paragraph five of defendant's petition to rescind. Paragraph five alleged that the results of the breathalyzer test did not indicate a blood-alcohol concentration of 0.10 or more. The trial court denied the State's motion, finding that the defendant had established a *prima facie* case with regard to this allegation.

Officer Murphy testified for the State that he stopped the defendant's van at 11:25 p.m. after it twice crossed the center line of the road. Defendant had no problem producing his driver's license and proof of insurance, but he smelled strongly of alcohol. Murphy testified that the defendant was unable to perform the field sobriety tests and defendant stated, "that I [Murphy] knew that he [defendant] was drunk, so why should we go on with any other of the tests?" Defendant was arrested, taken to the Braidwood police department, and issued citations for improper lane usage and driving under the influence of alcohol. Defendant was then transported to the Wilmington police department because there was no breathalyzer machine at Braidwood.

Murphy further testified that he was a certified breathalyzer operator, that defendant agreed to a breathalyzer test after receiving the statutory warning (see Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(c)), and that he observed the defendant for 20 minutes prior to administering the test. Murphy turned on the breathalyzer machine and changed the mouthpiece, but he did not calibrate it or run any kind of check on it. Murphy identified the printout containing the results of the defendant's breathalyzer test and indicated

that it read 0.23. The printout was admitted into evidence over defendant's objection.

The State rested its case after Murphy's testimony and the parties presented their closing arguments. The defendant argued that no evidence, such as log books, had been introduced to show that the breathalyzer machine had been tested for accuracy, nor was there any evidence that the machine was working properly at the time the test was administered. After the State's closing argument, defense counsel again emphasized the lack of proof concerning the accuracy and certification of the breathalyzer machine, at which time the trial court interrupted and asked the assistant State's Attorney if he "want[ed] time to bring in the log books." Although the defendant objected, the court then granted a continuance until the next day to allow the State to reopen its case and present additional evidence.

The following day, again over defendant's objection, Officer Murphy testified that prior to administering the breathalyzer test to the defendant the machine was "purged" by taking an air sample from the room. Copies of a log book showing that the breathalyzer machine had been calibrated on February 18, 1992, were later admitted into evidence over defendant's objection. The defendant's petition to rescind the statutory summary suspension was subsequently denied.

The defendant contends that the trial court abused its discretion in *sua sponte* granting a continuance and allowing the State to reopen its case. The State responds that this issue is moot because the trial court erred in initially finding that defendant had established a *prima facie* case for rescission. Alternatively, the State argues that the court properly allowed the State to reopen its case.

A summary suspension hearing is a civil proceeding at which the suspended motorist bears the burden of proof. (*People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210.) Once a motorist has made a *prima facie* case that the breathalyzer test result did not accurately reflect his blood-alcohol concentration, the State can only avoid rescission by moving for admission of the test into evidence and laying the necessary foundation, which includes evidence that the machine was regularly tested for accuracy and was working properly. (*Orth*, 124 Ill. 2d 326, 530 N.E.2d 210.) A *prima facie* case for rescission "may consist of any circumstance which tends to cast doubt on the test's accuracy, including, but not limited to, credible testimony by the motorist that he was not in fact under the influence of alcohol." (*Orth*, 124 Ill. 2d at 341, 530 N.E.2d at 217.)

The trial court's determination of a *prima facie* case will not be disturbed on appeal unless it is against the manifest weight of the evidence. *Orth*, 124 Ill. 2d 326, 530 N.E.2d 210; *People v. Graney* (1992), 234 Ill. App. 3d 497, 599 N.E.2d 574.

■■ In this case the defendant testified that his alcohol consumption was minimal, that he was able to perform a field sobriety test, and that he was not under the influence of alcohol. "[I]f the trial judge finds such testimony credible *** the burden shift[s] to the State to lay a proper foundation for the admission of the test results." (*Orth*, 124 Ill. 2d at 341, 530 N.E.2d at 217.) Where the trial court's findings are based on the credibility of the witnesses, we may not substitute our judgment for that of the court. (*Graney*, 234 Ill. App. 3d 497, 599 N.E.2d 574.) The trial court's determination that defendant established a *prima facie* case for rescission was not against the manifest weight of the evidence.

We next consider defendant's claim that the trial court abused its discretion by *sua sponte* granting a continuance and allowing the State to reopen its case. As our supreme court has noted, it is generally never improper for a judge to aid in bringing out the truth in a fair and impartial manner, although no inflexible rule can be applied in such matters. (*People v. Franceschini* (1960), 20 Ill. 2d 126, 169 N.E.2d 244.)

> " 'It is the judge's duty to see that justice is done, and where justice is liable to fail because a certain fact has not been developed or a certain line of inquiry has not been pursued it is his duty to interpose and either by suggestions to counsel or an examination conducted by himself avoid the miscarriage of justice, but in so doing he must not forget the function of the judge and assume that of the advocate.' " *Franceschini*, 20 Ill. 2d at 132, quoting *People v. Lurie* (1917), 276 Ill. 630, 641, 115 N.E. 130.

See also *People v. Murray* (1990), 194 Ill. App. 3d 653, 551 N.E.2d 283 (no error by court in questioning witness); *People v. Hicks* (1989), 183 Ill. App. 3d 636, 539 N.E.2d 756 (no error where trial court *sua sponte* raised issue of inevitable discovery); *People v. Walter* (1980), 90 Ill. App. 3d 687, 413 N.E.2d 542 (no error in court reminding prosecutor regarding identification of defendant and establishing venue).

A trial court has discretion to permit the State to reopen its case to present additional proof (*People v. Faulkner* (1978), 64 Ill. App. 3d 453, 381 N.E.2d 321), including proof establishing the very facts necessary for a conviction (*People v. Henderson* (1991), 223 Ill.

App. 3d 131, 583 N.E.2d 1187). Moreover, while motions to reopen are usually made by one of the parties, the court may take such action on its own motion where a sound basis for the action appears in the record. (*Bank of Illmo v. Simmons* (1986), 142 Ill. App. 3d 741, 492 N.E.2d 207.) The discretion of the trial judge is not unlimited, however, and he may never depart from his function as judge and assume the role of an advocate. *Franceschini*, 20 Ill. 2d 126, 169 N.E.2d 244; *In re R.S.* (1983), 117 Ill. App. 3d 698, 453 N.E.2d 139, *aff'd on other grounds* (1984), 104 Ill. 2d 1, 470 N.E.2d 297; *People v. Cofield* (1973), 9 Ill. App. 3d 1048, 293 N.E.2d 692; *People v. McGrath* (1967), 80 Ill. App. 2d 229, 224 N.E.2d 660.

■ In this case, after presentation of all the evidence, defense counsel argued for a ruling in his client's favor and pointed out that the State had failed to present evidence that the breathalyzer machine had been regularly tested and was working properly. Nevertheless, the assistant State's Attorney did not ask for a continuance or move to reopen the case, but instead chose to rely on the testimony of Officer Murphy, stating, "I have nothing beyond that." Under the circumstances, we believe that the trial judge impermissibly acted as an advocate when he prompted the State to seek a continuance and present additional evidence the following day. (*Cf. In re R.S.*, 117 Ill. App. 3d 698, 453 N.E.2d 139 (court abused its discretion in calling and questioning a witness and thereby helping to establish the State's case).) It is clear that but for the court's intervention, the State would have failed to rebut the defendant's *prima facie* case and the petition to rescind the summary suspension would had to have been granted. We find that the trial court abused its discretion in *sua sponte* granting a continuance and allowing the State to reopen its case. In view of our disposition, we need not address the second issue raised by defendant.

For the reasons stated above, the judgment of the circuit court is reversed. This cause is remanded and the court is directed to grant the defendant's petition to rescind the summary suspension.

Reversed and remanded with directions.

BARRY and STOUDER, JJ., concur.